**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | | |
|---|---|---|
| **MARTIN NGANGA,** | ) | |
| | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **CIVIL ACTION NO. 5:22-CV-144 (MTT)** |
| | ) | |
| **ROBINS FEDERAL CREDIT** | ) | |
| **UNION, _et al.,_** | ) | |
| | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

## <u>ORDER</u>

On April 7, 2022, Plaintiff Martin Nganga, proceeding pro se, filed his complaint. Doc. 1.  That same day, he filed a motion to proceed _in forma pauperis_ ("IFP").  Doc. 2. For the reasons stated, Nganga's motion to proceed IFP is **GRANTED**.  However, Nganga's complaint lacks important factual allegations that Nganga may have omitted because of his pro se status.  Thus, the Court **ORDERS** Nganga to amend his complaint.

## I.  DISCUSSION

### A.  Financial Status

Motions to proceed IFP are governed by 28 U.S.C. § 1915(a)(1), which provides:

[A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets

such prisoner possesses[1] that the person is unable to pay such fees or give security therefor.

When considering a motion to proceed IFP filed under § 1915(a), "[t]he only determination to be made by the court … is whether the statements in the affidavit satisfy the requirement of poverty." *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306 (11th Cir. 2004) (internal quotation marks and citation omitted). To show poverty, a plaintiff need not show in the affidavit that he is "absolutely destitute." *Id.* at 1307 (internal quotation marks and citation omitted). Instead, "[s]uch an affidavit will be held sufficient if it represents that the litigant, because of his poverty, is unable to pay for the court fees and costs, and to support and provide necessities for himself and his dependents." *Id.* "A court may not deny an IFP motion without first comparing the applicant's assets and liabilities in order to determine whether he has satisfied the poverty requirement." *Thomas v. Chattahoochee Jud. Cir.*, 574 F. App'x 916, 917 (11th Cir. 2014) (citing *Martinez*, 364 F.3d at 1307).

However, § 1915(a) "should not be a broad highway into the federal courts." *Attwood v. Singletary*, 105 F.3d 610, 613 (11th Cir. 1997) (internal quotation marks and citation omitted). Section 1915(a) "conveys only a privilege to proceed without payment to only those litigants unable to pay costs without undue hardship." *Mack v. Petty*, 2014 WL 3845777, at *1 (N.D. Ga. Aug. 4, 2014) (internal quotation marks and citations omitted). District courts are given wide discretion to decide IFP cases and should grant the privilege sparingly, especially in civil cases for damages. *Martinez*, 364 F.3d at 1306 (citation omitted).

---

[1] "Despite the statute's use of the phrase 'prisoner possesses,' the affidavit requirement applies to all persons requesting leave to proceed IFP." *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306 n.2 (11th Cir. 2004).

Nganga's IFP affidavit establishes that he cannot pay the court fees.  Doc. 2.

Thus, the Court finds that Nganga is unable to pay the costs of this proceeding without

undue hardship and therefore his motion for leave to proceed IFP (Doc. 2) is

**GRANTED**.

**B. Frivolity Review**

Section 1915 does not create an absolute right to proceed IFP in civil actions.

"Where the IFP affidavit is sufficient on its face to demonstrate economic eligibility, the

court should first docket the case and then proceed to the question of whether the

asserted claim is frivolous."  *Martinez*, 364 F.3d at 1307 (internal quotation marks,

alterations, and citation omitted).  When allowing a plaintiff to proceed IFP, the Court

shall dismiss the case if the Court determines that the complaint (1) "is frivolous or

malicious;" (2) "fails to state a claim on which relief may be granted;" or (3) "seeks

monetary relief against a defendant who is immune from such relief."  28 U.S.C. §

1915(e)(2)(B).

A claim is frivolous if it "has little or no chance of success," meaning that it

appears "from the face of the complaint that the factual allegations are 'clearly baseless'

or that the legal theories are 'indisputably meritless.'"  *Carroll v. Gross*, 984 F.2d 392,

393 (11th Cir. 1993).  "A dismissal under § 1915(e)(2)(B)(ii) for failure to state a claim is

governed by the same standard as a dismissal pursuant to Federal Rule of Civil

Procedure 12(b)(6)."[2]  *Thomas v. Harris*, 399 F. App'x 508, 509 (11th Cir. 2010) (citing

---

[2] To avoid dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint must contain specific factual matter to "'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  On a motion to dismiss, "all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff."  *In re Galectin Therapeutics, Inc. Sec. Litig.*, 843 F.3d 1257, 1269 n.4 (11th Cir. 2016) (quoting *Garfield v. NDC Health Corp.*, 466 F.3d 1255, 1261 (11th Cir. 2006) (quotation marks and citation omitted)).

*Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997)).  However, because the plaintiff is proceeding pro se, his "pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed."  *Hughes v. Lott*, 350 F.3d 1157, 1160 (11th Cir. 2003) (quotation marks and citation omitted).  But "[d]espite the leniency afforded pro se plaintiffs, the district court does not have license to rewrite a deficient pleading."  *Osahar v. U.S. Postal Serv.*, 297 F. App'x 863, 864 (11th Cir. 2008) (citation omitted).

Nganga, an African American man, has brought this civil rights lawsuit because his bank account was temporarily frozen and because the defendants would not immediately cash a check that misspelled his name.  On April 3, 2021, Nganga deposited a cashier's check "of under $9,000" in his Robins Financial Credit Union ("RFCU") bank account using a RFCU ATM.  Doc. 1 ¶ 12.  A couple days later, Nganga attempted to make purchases using his debit card and attempted to withdraw money from an ATM, but his account had been frozen by RFCU.  Nganga was informed on April 8 that his account had been frozen because the cashier's check deposited into his account "seemed suspicious and fraudulent."  *Id*. ¶ 16.  The account was reopened after Nganga spoke to RFCU's fraud department.  *Id*.  But Nganga's business with RFCU was not done for the day.

Nganga then asked a RFCU teller to cash a check that had been issued to him by the Internal Revenue Service.  *Id*.  But the check spelled Nganga's name incorrectly, and, after conferring with the bank's manager, the teller refused to cash the check.[3]  *Id*. ¶ 18.  A few days later, Nganga visited a different branch of RFCU, and an African

---

[3] The check was payable to "Martin W. Pganga."  Doc. 1 ¶ 20.  Nganga alleges that he has previously cashed misspelled checks without issue.

American teller cashed the misspelled check.  *Id*. ¶ 24.  While Nganga concludes that his race was the reason for the defendants' actions, he does not support that conclusion with any allegations of direct or circumstantial discrimination.

Nganga also alleges that in 2020 he sued RFCU for racial discrimination under a consumer finance statute and that suit was later settled.  *Id*. ¶ 35.  Nganga then concludes that the defendants' actions were retaliatory, but he does not allege there was a causal connection between the previous lawsuit and the events he now complains about.  *Id*. ¶ 34.

Nganga attempts to allege claims pursuant to § 1981, § 1982, and state law claims for slander per se, negligence, intentional infliction of emotional distress, and deprivation of personal property.  Thus far, Nganga's allegations appear thin, and the Court is unable to conduct a thorough frivolity review.  See 28 U.S.C. § 1915(e)(2)(b) (stating that a court is required to dismiss a case brought by a pros se plaintiff if it (1) is frivolous, or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief).  It is not clear whether this deficiency is because of the manner in which the allegations have been pled or whether they simply lack substance.  However, given Nganga's pro se status, the Court will afford him an opportunity to amend his complaint to state viable claims.  See *Duff v. Steub*, 378 F. App'x 868, 872 (11th Cir. 2010) (per curiam) ("When it appears a pro se plaintiff's complaint, if more carefully drafted, might state a claim, the district court should give the pro se plaintiff an opportunity to amend his complaint instead of dismissing it.").

The amended complaint will take the place of and supersede Nganga's original complaint.  Schreane v. Middlebrooks, 522 F. App'x 845, 847-48 (11th Cir. 2013). Nganga may not refer to, or incorporate by reference, his previous complaint.  The Court will not look back to the facts alleged in the original complaint once the amended complaint is filed; the Court will only consider the facts in the amended complaint when it conducts the frivolity review required by § 1915(e)(2)(B).  Hoefling v. City of Miami, 811 F.3d 1271, 1277 (11th Cir. 2016) (holding that the filing of an amended pleading renders the previous pleading a "legal nullity").

Nganga's recast complaint should clearly state (1) who he seeks to sue; (2) what each defendant did (or did not do) to violate his rights; (3) when and where each action occurred; and (4) how Nganga was injured as a result of each defendant's actions.  If, in his recast complaint, Nganga fails to clearly link a defendant to a claim, the claim will be dismissed; if he makes no allegations against a defendant, that defendant will be dismissed.

For these reasons, Nganga is **ORDERED** to amend his complaint to include all facts that he wishes to make a part of these proceedings.  Nganga shall have until **June 8, 2022** to file his amended complaint.

## II. CONCLUSION

Pursuant to 28 U.S.C. § 1915 and for the reasons set forth above, Nganga's motion to proceed IFP (Doc. 2) is **GRANTED**, and Nganga is ordered to amend his complaint no later than **June 8, 2022.**

**SO ORDERED**, this 18th day of May, 2022.

<u>S/ Marc T. Treadwell</u>
MARC T. TREADWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT