# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| MARTIN NGANGA, | ) |
| Plaintiff, | ) |
| v. | ) CIVIL ACTION NO. 5:22-cv-144 (MTT) |
| ROBINS FEDERAL CREDIT UNION, et al., | ) |
| Defendants. | ) |

## ORDER

Before the Court is the defendants' motion to dismiss for improper service and for failure to state a claim upon which relief can be granted. Doc. 15. The Court is required to advise Nganga of the significance of this motion. *See Griffith v. Wainwright*, 772 F.2d 822 (11th Cir. 1985). In an effort to afford Nganga, who is proceeding *pro se*, adequate notice and time to respond to the defendants' motion, the following notice is given. If Nganga wishes to respond, he must do so no later than **TWENTY-ONE DAYS from the receipt of this Order**.[1]

If Nganga does not timely respond to the motion to dismiss, the Court may dismiss the claims against the defendants. Under the procedures and policies of this Court, motions to dismiss are normally decided on briefs. Nganga may submit his argument to this Court by filing a brief in opposition to the defendants' motion to

---

[1] The Clerk is **DIRECTED** to mail a copy of the motion to dismiss (Docs. 15; 15-1) to Nganga at his last known address. Thereafter, all notices or other papers may be served on Nganga directly by mail at his last known address.

dismiss.  Unless the Court has granted prior permission, any brief should not exceed 20 pages.  M.D. Ga. L.R. 7.4.

**Nganga is not required to respond to the defendants' allegation of insufficient service of process.  Doc. 15-1 at 4-6.  First, Nganga did not perform the service of process—the U.S. Marshal Service did at the direction of the Court.  Docs. 10-14.  Second, because Nganga is proceeding *pro se*, service was not required to be made upon the defendants until after the Court conducted a frivolity review pursuant to 28 U.S.C. § 1915.  See Doc. 7.**

The Court evaluates a motion to dismiss based on failure to state a claim using the following standard:

The Federal Rules of Civil Procedure require that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  To avoid dismissal pursuant to Rule 12(b)(6), "a complaint must contain sufficient factual matter … to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is facially plausible when "the court [can] draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id*.  "Factual allegations that are merely consistent with a defendant's liability fall short of being facially plausible."  *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012) (internal quotation marks and citations omitted).

At the motion to dismiss stage, "all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff."  *FindWhat Inv. Grp. v. FindWhat.com.*, 658 F.3d 1282, 1296 (11th Cir. 2011)

...

(internal quotation marks and citations omitted).  But "conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal."  *Wiersum v. U.S. Bank, N.A.*, 785 F.3d 483, 485 (11th Cir. 2015) (cleaned up).  The complaint must "give the defendant fair notice of what the … claim is and the grounds upon which it rests."  *Twombly*, 550 U.S. at 555 (internal quotation marks and citation omitted).  Where there are dispositive issues of law, a court may dismiss a claim regardless of the alleged facts.  *Patel v. Specialized Loan Servicing, LLC*, 904 F.3d 1314, 1321 (11th Cir. 2018).

**SO ORDERED**, this 9th day of January, 2023.

S/ Marc T. Treadwell
MARC T. TREADWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
